**AFFIDAVIT IN SUPPORT OF AN APPLICATION
FOR A CRIMINAL COMPLAINT**

I, Isaac Oransky, a Special Agent with the U.S. Department of State, Diplomatic Security Service, being duly sworn, depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging John Joseph Chapman with false use of a passport, in violation of 18 U.S.C. § 1543, and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 1028(b).

2. I have been employed by the United States Department of State, Diplomatic Security Service as a Special Agent since 2016. I am currently assigned to the Portsmouth Resident Office in Portsmouth, New Hampshire, and have been since approximately October 2024. During my time as a special agent, I have participated in investigations of passport fraud, visa fraud, money laundering, conspiracy, wire fraud, and identity theft and fraudulent document investigations. I have attended and successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and the Basic Special Agent Course at the Diplomatic Security Training Center.

3. The information in this affidavit is based upon my own knowledge, records and information furnished to me in my official capacity, and information provided by other law enforcement officials—including personnel with the York Police Department ("YPD")—and a DSS investigative specialist, as well as information gained through my training and experience. This affidavit is intended to provide the facts necessary for a determination of probable cause for the requested arrest warrant and complaint.

4. Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that John Joseph Chapman ("Chapman") willfully and knowingly used and attempted to use a false, forged, counterfeited, or altered passport or instrument purporting to be a passport in violation of 18 U.S.C. § 1543. I submit there is also probable cause to believe Chapman knowingly possessed and used, without lawful authority, a means of identification of Victim 1 during and in relation to the commission of bank fraud—a felony violation enumerated in 18 U.S.C. § 1028A(c)—knowing that the means of identification belonged to another actual person, in violation of 18 U.S.C. §§ 1028A(a)(1) and 1028A(b).

## PROBABLE CAUSE

5. Based upon information provided to DSS by YPD and an employee with KSB, I am aware that a male subject—subsequently identified as Chapman—entered four branches of the Kennebunk Savings Bank ("KSB") on May 23, 2025, impersonating Victim 1, an actual customer of KSB.

6. At each of the branches, Chapman presented third-party checks to cash against Victim 1's accounts at KSB. At each branch, Chapman presented an instrument purporting to be a United States passport card bearing Victim 1's name and date of birth as a means and form of identification. At one or more of the branches, Chapman also presented an instrument purporting to be a United States military identification card in Victim 1's name as a means and form of identification. Chapman thereby identified and attempted to identify himself as Victim 1 in order to cash and attempt to cash checks drawn on Victim 1's accounts at KSB. Chapman also knew Victim 1's social security number when asked by KSB staff.

7. Chapman entered the KSB branch on Portland Road in Kennebunk, Maine and cashed a check for $3,660 at approximately 12:44 p.m., successfully withdrawing $3,660 from Victim 1's account.

8. Chapman entered the KSB branch on Main Street in Kennebunk, Maine and cashed a check for $4,200 at approximately 12:50 p.m., successfully withdrawing $4,200 from Victim 1's account.

9. Chapman entered the KSB branch on Western Avenue in Kennebunk, Maine and attempted to cash a check, and thus to withdraw funds from Victim 1's account. KSB staff did not complete the transaction.

10. Chapman entered a KSB branch in York, Maine, and attempted to cash a check for $3,800. KSB staff did not complete the transaction. One or more YPD officers responded to the York branch and arrested Chapman on state charges.

11. A sergeant from YPD recovered the instruments purporting to be a United States passport card and a United States military identification card in Victim 1's name from the KSB branch in York, where Chapman had left those instruments.

12. Following his arrest, YPD personnel located an instrument purporting to be a Discover "it" credit or debit card on Chapman's person. The card bore the name of Victim 1.

13. YPD personnel determined that Chapman previously resided in Massachusetts but is reportedly now homeless. YPD personnel confirmed Chapman's identity by reviewing a photograph of Chapman from a state bureau of motor vehicles.

14. YPD personnel and an employee from KSB have confirmed to DSS that Victim 1 is a real person.

15. Partial screen captures of photographs of Chapman taken by YPD on May 23, 2025, are included below.





**Affidavit in Support of Criminal Complaint—Page 4**

16. I have viewed the purported passport card that Chapman left at the KSB branch in York. The instrument was in the given name and surname of Victim 1 and bore Victim 1's date of birth, but the picture on the card was a likeness of Chapman. The instrument also bore "Passport Card no. C27026153." A photograph (which DSS obtained from the YPD) of the instruments is included below with Victim 1's name and date of birth—among other information—redacted.



17. DSS confirmed that the purported passport card bore Victim 1's correct date of birth through review of passport-application information retained by the Department of State.

**Affidavit in Support of Criminal Complaint—Page 5**

18.     The Diplomatic Security Service queried the Consular Consolidated Database ("CCD")—the Department of State repository for passport and visa records—and determined that a passport card bearing number C27026153 was previously issued in the name and date of birth of someone other than Victim 1. The CCD also revealed that no passport card bearing that number has been issued in Victim 1's name and date of birth.

19.     According to 22 CFR § 51.3(e)—which bears the heading "Types of passports"—a passport card is issued to a national of the United States on the same basis as a regular passport, and is valid for departure from, and entry to, the United States through land and sea ports of entry between the United States and Mexico, Canada, the Caribbean and Bermuda.

20.     I submit there is probable cause to believe Chapman knew that the means of identification—that is, the instrument purporting to be a passport card in the name of Victim 1 and bearing Victim 1's date of birth—belonged to another actual person because Chapman used the instrument (bearing his own likeness) to successfully cash checks and thereby complete withdrawals from an actual person's bank accounts at two Kennebunk branches of the Kennebunk Savings Bank. He also attempted to withdraw additional funds from that person's bank accounts at two other Kennebunk Savings Bank branches in Kennebunk and York, Maine.

## CONCLUSION

21.     Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that Chapman willfully and knowingly used and attempted to use a false, forged, counterfeited, or altered passport or instrument purporting to be a passport in the name of Victim 1 in violation of 18 U.S.C. § 1543. I

**Affidavit in Support of Criminal Complaint—Page 6**

submit there is also probable cause to believe Chapman knowingly possessed and used, without lawful authority, a means of identification of Victim 1 during and in relation to the commission of bank fraud—a felony violation enumerated in 18 U.S.C. § 1028A(c)—knowing that the means of identification belonged to another actual person, in violation of 18 U.S.C. §§ 1028A(a)(1) and 1028A(b).

I, Isaac Oransky, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information, and belief, and that I make this oath under the pains and penalties of perjury.

Dated at Portland, Maine this 23rd day of May 2025.

Isaac Oransky, Special Agent
U.S. Department of State
Diplomatic Security Service

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: May 23 2025

City and state: Portland, Maine

Judge's signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title

Affidavit in Support of Criminal Complaint—Page 7